**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CARL AND SALENA ACCARDO, | § | |
| Individually and A/N/F of D.A., A MINOR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0008 |
| | § | |
| AMERICA FIRST LLOYDS INSURANCE | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.      Background**

         This is an insurance coverage dispute.  The plaintiffs—Carl and Salena Accardo, individually

and as next friend of Domonic Accardo, a minor—were injured when their car collided with a

vehicle they allege was negligently abandoned late at night in a moving lane of traffic by an

unknown, uninsured driver.  At the time of the accident, the Accardos were insured under an

automobile insurance policy issued by America First Insurance Company.  The policy provided

coverage for uninsured/underinsured motorist ("UM/UIM") claims.  After the Accardos filed a claim

under their policy and America First denied that claim[1], the Accardos sued to establish coverage and

to recover UM/UIM benefits.  The Accardos assert causes of action for breach of contract, breach

of the duty of good faith and fair dealing (the "bad faith claim"), and violation of the Texas Prompt

---

[1] According to America First, the parties "agree that the Plaintiffs have suffered some injuries as a result of the accident, but disagree about the extent of those injuries.  America First has made offers to settle Plaintiffs' claims, but those offers have been rejected."  (Docket Entry No. 24, at 3.)

Payment of Claims Act (the "prompt-payment claim").  They also seek a declaratory judgment establishing the unknown driver's negligence and specifying their resulting damages.

America First has moved to sever and abate the extracontractual claims until the breach of contract claim is resolved.  (Docket Entry No. 19.)  The motion to sever argues that because the extracontractual claims "are dependent on a breach of contract that has not yet occurred," severance and abatement "promote[] judicial economy by limiting the discovery and presentation of evidence on claims that may ultimately be preempted."   (*Id.* at 7.)  America First has also moved for summary judgment on the extracontractual claims, arguing that because of the unique nature of UM/UIM insurance contracts under Texas law, these claims are not ripe until the Accardos establish the unknown driver's negligence and resulting damages.  (Docket Entry No. 24.)  The Accardos have responded to the motions, (Docket Entries No. 21 & 27), and America First has replied, (Docket Entries No. 23 & 31).

Based on the pleadings; the motions, responses, and replies; the record; and the relevant law, this court grants in part and denies in part the motion for summary judgment.  The motion is granted as to the prompt-payment claim and denied as to the bad faith claim.  The former claim is dismissed, without prejudice, for lack of subject-matter jurisdiction because it is unripe.  The breach of contract claim is subject to dismissal without prejudice for the same reason.  Because the breach of contract claim is dismissed, the motion to sever and abate the extracontractual claims from the breach of contract claim is moot.  The bad faith claim is abated while the parties litigate the unknown driver's negligence and the Accardos' resulting damages.

The reasons for these rulings are explained in detail below.

2

II.     **The Summary Judgment Motion**[2]

America First argues that the extracontractual claims are premature because they depend on a breach of contract that has not yet occurred.  According to America First, Texas law does not impose a contractual duty on an insurer to pay UM benefits under a policy until the plaintiffs obtain a judicial determination establishing the uninsured driver's liability and their resulting damages. America First contends that until such a judicial determination is obtained, there can be no breach of contract and no liability on breach-of-contract-dependent extracontractual claims.

America First's argument implicates this court's subject-matter jurisdiction.  Article III of the Constitution "confines federal courts to the decision of 'cases' and 'controversies.'  A case or controversy must be ripe for decision, meaning that it must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 834–35 (5th Cir. 2002).  "Ripeness is a component of subject matter jurisdiction, because a court has no power to decide disputes that are not yet justiciable." *Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010).  "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical."  *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003).  To determine whether claims are ripe, courts "evaluate (1) the fitness of the issues for judicial resolution, and (2) the potential hardship to the parties caused by declining court consideration."  *Lopez*, 617 F.3d at 341.  "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review."  *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000).  "Generally, issues are not ripe if 'further factual development is required.'"  *Anderson v. Sch. Bd. of Madison Cnty.*, 517

---

[2] Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

F.3d 292, 296 (5th Cir. 2008) (citation omitted).  "If the purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all, the claim is not ripe for adjudication."  *Lopez*, 617 F.3d at 342 (alteration, citation, and internal quotation marks omitted).

Although America First has moved for summary judgment only on the extracontractual claims—the prompt-payment claim and the bad faith claim—this court has an independent obligation to ensure that it has subject-matter jurisdiction over all claims, including the breach of contract claim.  The Accardos' UM coverage requires America First to "pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person."  (Docket Entry No. 19-1, at 61.) Interpreting the phrase "legally entitled to recover" in a similar provision, the Texas Supreme Court has held that an insurer is under "no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and [uninsured] status of the other motorist."  *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).  The court explained:

> The [UM/UIM] contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party.  Unlike many first-party insurance contracts, in which the policy alone dictates coverage, UIM insurance utilizes tort law to determine coverage.  Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.

*Id.*  To determine the liability of the uninsured motorist and the resulting damages, the insured may obtain a judgment against the tortfeasor.  *Id.*  Alternatively, the insured "may settle with the tortfeasor . . . and then litigate [UM/UIM] coverage with the insurer.  But neither a settlement nor an admission of liability from the tortfeasor establishes [UM/UIM] coverage, because a jury could

find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance." *Id.*

In this case, there is no judgment establishing the unknown driver's liability and uninsured status and the Accardos' resulting damages. Because America First's contractual duty to pay UM benefits under the policy does not arise until the Accardos obtain such a judgment, America First cannot have breached the insurance contract. Until the Accardos litigate the unknown driver's liability in this action, their breach of contract claim is unripe. The breach of contract claim is dismissed, without prejudice, for lack of subject-matter jurisdiction. *Cf. Owen v. Employers Mut. Cas. Co.*, No. 3:06-CV-1993-K, 2008 WL 833086, at *2 (N.D. Tex. Mar. 28, 2008) (granting the insurer's motion to dismiss the breach of contract claim because there was "no previous [judicial] determination of [the underinsured motorist's] liability and uninsured/underinsured status in the record"); *Schober v. State Farm Mut. Auto. Ins. Co.*, No. 3:06-CV-1921-M, 2007 WL 2089435, at *3 (N.D. Tex. July 18, 2007) ("Fundamentally, the Schobers fail to indicate how, in the absence of [a judgment establishing the underinsured driver's liability and their damages], they were legally entitled to recover UIM benefits from State Farm at the time of State Farm's alleged breach. Consequently, State Farm cannot legally be held to have breached a contractual duty that never arose.").

The prompt-payment claim is unripe for the same reason. The Texas prompt-payment statute "provides for additional damages when an insurer wrongfully refuses or delays payment of a claim." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 16 (Tex. 2007). An insurer "who is 'liable for a claim under an insurance policy' and who does not promptly respond to, or pay, the claim as the statute requires, is liable to the policy holder or beneficiary not only for the amount of

5

the claim, but also for 'interest on the amount of the claim at the rate of eighteen percent a year as damages, together with reasonable attorney's fees.'" *Id.* (quoting TEX. INS. CODE § 542.060(a)). "To recover a statutory penalty under [the prompt-payment statute], an insured must establish: (1) a claim under an insurance policy; (2) that the insurer is liable for the claim; and (3) that the insurer has failed to comply with one of the requirements of [the statute] with respect to the claim." *Evergreen Nat'l Indem. Co. v. Tan It All, Inc.*, 111 S.W.3d 669, 678 (Tex. App.—Austin 2003, no pet.). "An insurer will not be held liable for violating [the prompt-payment statute] unless it is found liable for the underlying insurance claim." *Harris v. Am. Prot. Ins. Co.*, 158 S.W.3d 614, 623 (Tex. App.—Fort Worth 2005, no pet.).

As noted, the America First policy limits UM coverage to those damages the Accardos are "legally entitled to recover" from the uninsured motorist. The Accardos have not yet obtained a judgment establishing that they are legally entitled to recover from the uninsured motorist; they seek to do so in this litigation. Until the Accardos obtain such a judgment, America First is not liable for the UM benefits claim and, consequently, cannot be liable for statutory penalties for delaying payment. The prompt-payment claim is dismissed, without prejudice, for lack of subject-matter jurisdiction. *Cf. Owen*, 2008 WL 833086, at *3 (stating that when the insureds "failed to establish [that] they are legally entitled to recover for a UIM claim", the insurer "could not have violated a duty for prompt payment under the insurance code when such a duty was never triggered"); *Schober*, 2007 WL 2089435, at *3 (stating that "absent [the insurer's] prior liability for the claimed damages, [the plaintiffs'] Prompt Payment of Claims Act claim fails for legal insufficiency" because the plaintiffs cannot show that the insurer is liable for the claim).

6

The Accardos also assert a bad faith claim against America First.  Texas law imposes on insurers "a common law duty to deal fairly and in good faith with its insured in the processing and payment of claims."  *Aleman v. Zenith Ins. Co.*, 343 S.W.3d 817, 822 (Tex. App.—El Paso 2011, no pet.) (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995)).  "An insurer will be liable if [it] denies a claim when the insurer knew or should have known that it was reasonably clear that the claim was covered."  *Id.*  "An insurer may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim."  *Id.*  "The issue of the breach of the duty of good faith and fair dealing 'focuses not on whether the claim was valid, but on the reasonableness of the insurer's conduct' in handling the claim."  *Id.* (citation omitted).  "An objective standard is utilized to determine whether a reasonable insurer under similar circumstances would have delayed or denied payment of the claim."  *Id.*

America First argues that it is entitled to summary judgment on the bad faith claim because its liability on the UM benefits claim cannot be "reasonably clear" until the Accardos establish the unknown driver's negligence and their resulting damages in a judicial proceeding.  Contrary to America First's argument, controlling legal precedent compels the conclusion that the Accardos' bad faith claim is ripe.  In *Hamburger*, the insurer argued that "coverage of [the plaintiff's] UIM claim was not reasonably clear until the jury determined the extent of [the plaintiff's] damages caused by the [underinsured] driver."  *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 880 (5th Cir. 2004).  The insurer "thus contend[ed] that the trial court properly granted summary judgment on [the] extra-contractual claims, because no bad faith liability could attach for [the insurer's] failure to settle the claim prior to the jury's determination of [the plaintiff's] damages caused by the accident."  *Id.*  The Fifth Circuit rejected the insurer's argument.  The court observed

that "[t]here are no Texas cases which have squarely held that liability can never be reasonably clear before there is a court determination of proximately caused damages." *Id.* Concerned about limiting an insured's ability to assert a bad faith claim, the court then held that "[a]bsent a more clear indication from Texas courts that liability cannot be reasonably clear . . . until the insured is found in a legal proceeding to be entitled to recover, we will not adopt this interpretation of Texas law." *Id.* at 881.

America First does not argue that *Hamburger* is inapposite. Instead, it argues that the "clear indication from Texas courts" found missing in *Hamburger* "came two years later in the Texas Supreme Court's decision in *Brainard*." (Docket Entry No. 31, at 3.) But *Brainard* did not address whether an insured may assert a bad faith claim before litigating the uninsured motorist's liability and the proximately caused damages. In *Brainard*, the Texas Supreme Court held that an insurer's contractual duty to pay UIM benefits "does not arise until the underinsured motorist's liability, and the insured's damages, are legally determined." 216 S.W.3d at 818. *Hamburger*, decided two years before *Brainard*, acknowledged *Brainard*'s holding. Citing pre-*Brainard* cases, the Fifth Circuit recognized that "Texas courts construe the phrase 'legally entitled to recover' in UIM provisions to mean that the insured must establish the uninsured motorist's fault and the extent of the resulting damages before becoming entitled to recover UIM benefits." *Hamburger*, 361 F.3d at 880 (alteration and internal quotation marks omitted). Contrary to America First's argument, *Brainard* does not address or call into doubt *Hamburger*'s holding.

America First cites *Weir v. Twin City Fire Insurance Co.*, 622 F. Supp. 2d 483 (S.D. Tex. 2009), to support its argument that it is entitled to summary judgment on the bad faith claim. In *Weir*, the court held that "[if] there is no contractual duty to pay" UIM benefits, the insurer "cannot

8

be in 'bad faith,' under common law or statute, for not paying." *Id.* at 486.  The court explained that the insurer "cannot be guilty of not performing a proper investigation of his UIM claim because it is the trial of the UIM claim, at which it will be determined who was at fault and the amount of damages, that constitutes the investigation." *Id. Weir* did not discuss *Hamburger*, in which the Fifth Circuit reached the opposite holding.  In *Hamburger*, the Fifth Circuit implicitly recognized that there may be cases in which an insurer's liability to pay UM/UIM benefits is reasonably clear despite the fact that no judicial determination of the UM/UIM's liability has been made.  When a reasonable investigation reveals overwhelming evidence of the UM/UIM's fault, the judicial determination that triggers the insurer's obligation to pay is no more than a formality.  In such cases, an insurer may act in bad faith by delaying payment and insisting that the insured litigate liability and damages before paying benefits on a claim.  *Hamburger*, not *Weir*, is binding on this court.  The motion for summary judgment on the bad faith claim is denied.[3]

## III.    The Motion to Sever

America First moved to sever the extracontractual claims from the breach of contract claim. Because this court dismissed the breach of contract claim as unripe, the motion to sever is denied as moot.  The court will, however, abate the bad faith claim while the parties litigate the unknown driver's liability and the Accardos' resulting damages.  *See Schober*, 2007 WL 2089435, at *5 (holding that the plaintiffs' bad faith claims "are more appropriately considered following a finding

---

[3] America First has also moved for summary judgment on the declaratory judgment claim.  America First argues that the Accardos seek to use the Texas Declaratory Judgment Act "to pave an avenue to attorney's fees", which is improper under Texas law.  (Docket Entry No. 24, at 9.)  The Accardos seek declaratory judgment establishing the unknown driver's liability and their resulting damages.  As discussed above, the Accardos must litigate these issues before America First's contractual duty to pay UM benefits arises.  Construing the declaratory judgment claim as a claim to establish coverage under the policy, this court denies the motion for summary judgment on the declaratory judgment claim.

on [the insurer's] underlying liability for . . . UIM damages"); *Owen*, 2008 WL 833086, at *4 (abating the plaintiffs' bad faith claim pending litigation of the insurer's liability for UIM damages). Abatement serves judicial economy for at least three reasons. First, after the parties litigate coverage, it is possible that the Accardos will reassert their prompt-payment claim. Abating the bad faith claim ensures that all extracontractual claims are tried at the same time. Second, a finding that America First is not liable for UM benefits under the policy may foreclose the plaintiffs' bad faith claim. "As a general rule, there can be no claim for bad faith when an insurer has promptly denied a claim that is not covered." *Aleman*, 343 S.W.3d at 822. Though Texas courts do not "exclude the possibility that in denying the claim, the insurer may commit some act, so extreme, that it would cause injury independent of the policy claim", when there is no coverage and the bad faith claim is limited "to an assertion that liability was reasonably clear under the policy", the bad faith claim fails as a matter of law. *Id.* at 822–23. And third, litigating coverage will narrow the scope of the bad faith claim. "A bad faith case can potentially result in three types of damages: (1) benefit of the bargain damages for an accompanying breach of contract claim, (2) compensatory damages for the tort of bad faith, and (3) punitive damages for intentional, malicious, fraudulent, or grossly negligent conduct." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994). If the Accardos establish the unknown driver's negligence and their own damages, and if America First pays the claim, benefit-of-the-bargain damages will be unavailable on the bad faith claim. These factors all support abating the bad faith claim pending the determination of the unknown driver's liability and the Accardos' damages.

## IV.    Conclusion

America First's motion for summary judgment is granted in part and denied in part.  The breach of contract and the prompt-payment claims are dismissed, without prejudice, for lack of subject-matter jurisdiction.  The bad faith claim is abated while the parties litigate America First's liability for UM benefits under the policy.  The motion to sever is denied as moot.

SIGNED on May 3, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

11